# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>See Attachment "A" | )<br>)<br>) Case No. 23-mj-561<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A"

located in the    EASTERN    District of    PENNSYLVANIA   , there is now concealed *(identify the person or describe the property to be seized)*:

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2119(a);<br>18 U.S.C. § 924(c); and<br>21 U.S.C. § 841(a) | Carjacking; using, carrying, and brandishing of a firearm during and in relation to a crime of violence, and aiding and abetting; and possession of "crack" cocaine. |

The application is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

         s/ Shiva Raja
         *Applicant's signature*

         Shiva Raja, Special Agent, ATF
         *Printed name and title*

Sworn to before me and signed in my presence.

Date: 03/16/2023          s/ Richard A. Lloret
         *Judge's signature*

City and state: PHILADELPHIA, PENNSYLVANIA      HONORABLE RICHARD A. LLORET, U.S.M.J.
         *Printed name and title*

Print    Save As...    Attach    Reset

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>See Attachment "A" | )<br>)<br>)  Case No.  23-mj-561<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   EASTERN   District of   PENNSYLVANIA
*(identify the person or describe the property to be searched and give its location)*:

(1) a Black Apple iPhone with IMEI: 352653446694135; (2) a black Apple iPhone with IMEI: 353972108503098; (3) a grey Apple iPhone with IMEI: 356871113284636; and (4) a black Motorola Smartphone with IMEI: 351394595939663 as referenced in Attachment "A".

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

**YOU ARE COMMANDED** to execute this warrant on or before                    *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the duty magistrate.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  03/16/2023 10:29 am                          s/ Richard A. Lloret
                                                                      *Judge's signature*

City and state:       Philadelphia, Pennsylvania           HONORABLE RICHARD A. LLORET, U.S.M.J.
                                                            *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: 23-mj-561 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:

*Executing officer's signature*

*Printed name and title*

Print   Save As...   Reset

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF A BLACK APPLE iPHONE WITH IMEI: 352653446694135; A BLACK APPLE iPHONE, IMEI: 353972108503098; A GREY APPLE iPHONE, IMEI: 356871113284636; AND A BLACK MOTOROLA SMARTPHONE, IMEI: 351394595939663, CURRENTLY LOCATED AT ATF 200 CHESTNUT STREET, PHILADELPHIA, PENNSYLVANIA.** | **MAGISTRATE NO.  23-mj-561** |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Shiva Raja, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent with the United States Department of Justice, ATF, and have been so employed since July 2014. I am thus a "federal law enforcement officer" as defined by Fed. R. Crim. P. 41(a)(2)(C). I am a graduate of the Criminal Investigator Training Program and the Special Agent Basic Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia, and have a bachelor's

degree in Business Management from Rutgers University. I am currently assigned to the firearms enforcement group, whose primary mission is to investigate those individuals and groups engaged in the commission of federal firearms and narcotics laws. During my tenure as an agent, I have participated in and personally conducted several investigations involving violations of these laws. I have collected and analyzed electronic evidence, including cell site location information. The foundation of prior search warrants has been from information obtained through the use of confidential informants, personal investigative knowledge, investigations from other law enforcement and from official police reports.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

4. The property to be searched is (1) an Apple iPhone, with IMEI number 352653446694135; (2) an Apple iPhone, with IMEI number 353972108503098; (3) an Apple iPhone, with IMEI number 356871113284636; and (4) a Motorola smartphone, with IMEI number 351394595939663; hereinafter the "SUBJECT PHONES." The SUBJECT PHONES are currently located at the Bureau of Alcohol, Tobacco, Firearms and Explosives, 200 Chestnut Street, Philadelphia, Pennsylvania.

5.      The applied-for warrant would authorize the forensic examination of the SUBJECT PHONES for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

### Incident #1 – Robbery-Carjacking

6.      On October 26, 2022, Philadelphia Police Department responded to a stolen auto at 1900 West Olney Street Philadelphia, Pennsylvania. The complainant, G.P., stated that she was making a food delivery to 1913 West Olney Street and double parked her vehicle, a 2011 silver Hyundai Tuscan (PA Tag: KYS-2700) on the street and left her engine running. She then saw a black male get into the driver seat of her vehicle. G.P. opened the passenger side door to stop the male, but he drove off in the vehicle, knocking the complainant to the ground. The complainant stated her handbag containing identification, credit cards, a permit to carry a firearm, and a black Glock 19, 9mm caliber, semi-automatic pistol bearing serial number BRPL576 were inside the vehicle.

### Incident #2 – Point of Gun Robbery

7.      On November 3, 2022, at approximately 7:30 p.m., the complainant, Z.F., was walking with his friend at 6001 Wister Street Philadelphia, Pennsylvania. Four males approached Z.F and his friend. The males pointed handguns at both Z.F. and his friend and told them to cooperate. The unidentified offenders took a bookbag, gray

New Balance sweatshirt, and a red iPhone 12 from Z.F. The offenders also took blue and orange New Balance sneakers, a gray New Balance bookbag, and a cellphone with a blue card holder on the back from Z.F.'s friend. Z.F. stated that all the males had handguns, two of which had firearms with laser. One of the lasers was red in color while the other was purple.

### Incident #3 – Robbery-Carjacking

8. On November 3, 2022, the Philadelphia Police Department responded to a report of a robbery-carjacking outside 6413 North 21st Street in Philadelphia, Pennsylvania. The complainant, A.P., was sitting in her vehicle, a black 2012 Toyota Camry with a Pennsylvania license plate number JGR7623 at approximately 8:00 PM. A.P. then observed a group of males approach her vehicle. Two males pointed handguns at A.P. and stated, "*Get out of the car. Get out of the car.*" As the males pulled on the car doors, one of the males stated, "*Shoot her.*" A.P. then exited the vehicle and backed away. Four males then entered the vehicle and fled the area as two additional males fled on foot. The witness, M.P., heard A.P. screaming and came out of her house, and then called the police.

9. As PPD officers received the radio call for a robbery of a Toyota Camry, they went towards the robbery location on the block of 6400 North 21st Street. On the way to the location, PPD observed a black Toyota Camry travelling at a high rate of speed with at least three occupants dress in dark clothing and wearing ski masks. PPD pursued the vehicle to the 6200 block of Old York Road. PPD observed three males

fleeing the Toyota Camry on foot. PPD then apprehended a male, later identified as "A.E.T", a minor. Officers then observed a black handgun with rubber bands on the grip on the ground. The firearm is a Glock, Model 19, 9mm caliber, semi-automatic pistol with serial number BRPL576, which was later discovered to have been reported stolen on October 26, 2022, as detailed in incident #1 above. As they surveyed the area of 6200 Old York Road, PPD located a male, later identified as NASEEM CLOUDEN, lying under a vehicle on the street. Both CLOUDEN and A.E.T. were taken into custody by PPD. PPD recovered two cellular telephones (SUBJECT PHONE #1 and SUBJECT PHONE #2) from CLOUDEN in addition to nine small vials containing alleged crack cocaine. PPD also recovered two cellular telephones (SUBJECT PHONE #3 and SUBJECT PHONE #4) from A.E.T.

10. At approximately 8:08 PM, PPD met with the victim and witness of the robbery-carjacking. Officers transported both A.P. and M.P. to 6200 Old York Road, the location of the arrest. A.P. positively identified both males as the ones who committed the carjacking.

11. A fifth phone was recovered from CLOUDEN during his arrest. This cellular telephone was determined by PPD as one of the stolen devices in Incident #2. PPD notified the victim of Incident #2 and returned the device to them.

12. The SUBJECT PHONES are currently in the lawful possession of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Philadelphia Police Department seized the SUBJECT PHONES pursuant to the arrest, then provided the

SUBJECT PHONES to ATF. Therefore, while ATF might already have all necessary authority to examine the SUBJECT PHONES, I seek this additional warrant out of an abundance of caution to be certain that an examination of the SUBJECT PHONES will comply with the Fourth Amendment and other applicable laws.

13. The SUBJECT PHONES are currently in storage at ATF Philadelphia, located at 200 Chestnut Street, Philadelphia, Pennsylvania. In my training and experience, I know that the SUBJECT PHONES have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same condition as they were when the SUBJECT PHONES first came into the possession of the ATF.

## TECHNICAL TERMS

14. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. <u>Wireless telephone</u>: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology

b. <u>GPS</u>: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

c. <u>Internet</u>: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

15. Based on my training, experience, and research, and from product technical specifications, I know that the SUBJECT PHONES have capabilities that allow them to serve as a wireless telephone with the ability to serve as GPS navigation devices and access to the internet. In my training and experience, examining data stored on devices of these types can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

16. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on devices. This information can sometimes be recovered with forensics tools.

17. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as

direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the SUBJECT PHONES were used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the SUBJECT PHONES because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

18. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the SUBJECT PHONES consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans

of the entire medium, that might expose many parts of the SUBJECT PHONES to human inspection in order to determine whether it is evidence described by the warrant.

19. *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

20. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the SUBJECT PHONES described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

s/ Shiva Raja
SHIVA RAJA
*Special Agent, ATF*

Sworn and Subscribed to before me
this  16th  day of  March, 2023

   s/ Richard A. Lloret
HONORABLE RICHARD A. LLORET
*United States Magistrate Judge*
*Eastern District of Pennsylvania*

## ATTACHMENT A

The property to be searched is: (1) an Apple iPhone, with IMEI number 352653446694135; (2) an Apple iPhone, with IMEI number 353972108503098; (3) an Apple iPhone, with IMEI number 356871113284636; and (4) a Motorola smartphone, with IMEI number 351394595939663; hereinafter the "SUBJECT PHONES." The SUBJECT PHONES are currently located at ATF Philadelphia, 200 Chestnut Street, Philadelphia, Pennsylvania.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT B**

**INFORMATION/ITEMS TO BE SEARCHED FOR AND SEIZED**

1. All records on the SUBJECT PHONES described in Attachment A that are evidence, instrumentalities, and fruits of violations of Title 18, United States Code, Sections 2119 (carjacking) and 924(c)(1)(A)(ii) (using, carrying, and brandishing of a firearm during and in relation to a crime of violence), and Title 21, United States Code, Section 841(a) (possession of "crack" cocaine) that involve NASEEM CLOUDEN and A.E.T, a minor:

   a. All records, to include videos, photos, images, messages, notes, e-mails, data, location information, metadata, web search and other browser data, and other items, relating to the crimes under investigation, that is, carjackings, firearms, and controlled substances;

   b. All records, to include videos, photos, images, messages, notes, e-mails, data, location information, metadata, web search and other browser data, and other items, relating to carjackings, firearms, firearms parts and accessories, and ammunition;

   c. Location data, including GPS records as relevant to the crimes under investigation;

   d. Evidence relating to relationships between the subjects and co-conspirators;

   e. Evidence of co-conspirators and associates who may have knowledge of and/or participated in the crimes under investigation;

   f. Evidence indicating the device owner's state of mind as it relates to the crimes under investigation;

   g. Information relating to the identities of person(s) who communicated with the subject account user about matters relating to carjacking, firearms or controlled substances;

    h. Evidence of attachment of other devices, and counter-forensic devices (and associated data) designed to eliminate data from the device;

    i. Passwords, encryption keys, and other access devices that may be necessary to access any of the devices;

    j. Records of or information about Internet Protocol addresses used by the device; and

    k. Evidence of user attribution showing who used or owned the SUBJECT PHONES, such as communications (including voice mail, voice messages, text messages, and communications via applications downloaded onto the phone), photographs, videos, saved usernames and passwords, documents, browsing history, GPS data, address books, directories, calendars, evidence of the dates and times the device was used.

As used above, the terms "records" and "information" include all the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.